UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.: _____

NAZIRA BASSI,

        Plaintiff,

v.

TOWNE PARK, LLC., a Florida limited liability company, and FONTAINEBLEAU FLORIDA HOTEL, LLC., a Florida limited liability company

        Defendant.

## COMPLAINT

Plaintiff, NAZIRA BASSI, (the "Plaintiff") sues defendants TOWNE PARK, LLC., a Florida limited liability company, and FONTAINEBLEAU FLORIDA HOTEL, LLC., a Florida limited liability company (the "Defendant") and alleges:

### I.   JURISDICTION

1.   Plaintiff brings this action pursuant to the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*. ("ADA") discrimination and retaliation under 42 U.S.C. § 1981, the Florida Civil Rights Act, § 760.10, Fla. Stat. *et seq*. ("FCRA"), and under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e et seq.

This Court has jurisdiction of the claims herein pursuant to 42 U.S.C.A. § 2000e-5(f)(3), 28 U.S.C.A. §§ 1331 and 1343(4). This civil action arises under the laws of the United States.

Plaintiff is alleging a violation of her rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e et seq.

2. This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy under Article III of the United States Constitution. Plaintiff's state law claims share all common operative facts with their federal law claims, and the parties are identical. Resolving Plaintiff's federal and state claims in a single action serves the interests of judicial economy, convenience, consistency, and fairness to the parties.

## II.   VENUE

6. The Defendants are Florida limited liability companies duly authorized and existing under the laws of the State of Florida and conducting business in Miami-Dade County, Florida.

7. The Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. The Plaintiff is a covered employee for purposes of the Act.

8. The acts or omissions giving rise to this Complaint occurred in whole or in part in Miami-Dade, Florida.

9. Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of occurred within this judicial district and because the Defendants have their principal place of business within the district, and because the employment records of the Plaintiff are stored or have been administered, in Miami-Dade, Florida.

## III.   JOINT EMPLOYMENT

10. Defendants share employees or interchange employees, share common management and centralized control of the shared employees, and have interrelated operations at

the Fontainebleau Hotel where Plaintiff was employed. Defendants are an integrated enterprise under the law. Alternatively, each company is an enterprise under the law and each company is an agent of each other.

11.     Each Defendant is sued individually, as a joint enterprise, as joint employers, and as agent of each other.

### IV.     GENERAL ALLEGATIONS COMMON TO ALL COUNTS

12.     At all times material, the Plaintiff was employed by the Defendant as a traffic coordinator at the Fountainbleau Hotel where Towne Park provided valet parking services from November 22, 2022, until her wrongful termination on March 15, 2023.

13.     On or about July 9, 2022 Plaintiff suffered an accident and commenced to have a problem with her knee that makes it difficult and very painful to go up and down the stairs often.

14.     The Fountainbleau Hotel where Plaintiff worked has several towers. One of them has stairs in the area where valet works and another one does not. Because of Plaintiff's knee problem, Plaintiff requested to work in the area where there are no stairs.

15.     After Plaintiff requested that accommodation, she commenced to be micromanaged and ultimately was given a warning and terminated.

16.     The policy at the Fountainbleau Hotel is that employees must be given three warnings before they are terminated. Even the warning give itself says that the corrective action is, that if another waring is done, then the employee would be fired.

17.     Plaintiff was terminated on her first warning, instead of the policy written on their own warning.

18. The Plaintiff performed her duties in a satisfactory manner and was never written up by the Defendants before she requested her accommodation to work on the tower with no stairs.

19. All conditions precedent to bringing this action have occurred, been performed or been excused.

20. The Plaintiff has retained the undersigned counsel in order that his/her rights and interests may be protected. The Plaintiff has become obligated to pay the undersigned a reasonable attorneys' fee.

**COUNT I: DISABILITY DISCRIMINATION (FAILURE TO ACCOMMODATE) – ADA**

21. The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-20 above as if set out in full herein.

22. At all times pertinent hereto, the Defendants were engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

23. The Defendant employs more than 15 employees and was the Plaintiff's employer within the meaning of the ADA, 42 USC § 12111(5).

24. At all times material, the Defendant was a "person" and an "employer" as defined by 29 U.S.C. § 630; and Fla. Stat. § 760.02.

25. The Plaintiff has complied with all conditions precedent in filing this action, to wit:

   a. The Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, Miami District Office;

      b. More than 180 days have passed since the filing of the Plaintiff's charge of discrimination;

      c. The Plaintiff received a Right to Sue Notice as to her charge of discrimination on or about November 27, 2023.

26. Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

27. The Plaintiff was an "employee" of the Defendants as defined by the ADA.

28. The Plaintiff suffered form a knee condition that requires her to limit the constant use of stairs.

29. The Plaintiff's condition qualified as a disability or was regarded as a disability by the Defendants, within the meaning of the ADA.

30. The Plaintiff requested a reasonable accommodation for her disability as described in the General Allegations section of this Complaint to wit, to work on the tower at the hotel that had less or no stairs.

31. The Defendants did not make a good faith effort to assist the Plaintiff in seeking accommodations.

32. The Plaintiff could have been reasonably accommodated but for the Defendants' lack of good faith.

33. The Defendants could have reasonably accommodated the Plaintiff, without any undue hardship to its business, but failed to do so.

34. Instead of reasonably accommodating the Plaintiff in good faith, the Defendants began to micromanage her, gave her a write up and terminated the Plaintiff without following the written procedures described on the write up before her termination.

35. As a direct and proximate result of the above-described actions of the Defendants, the Plaintiff has suffered and will continue to suffer emotional pain and mental anguish.

36. Furthermore, as a direct and proximate result of such actions by the Defendants, the Plaintiff has been and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of the Defendants' conduct.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Enter judgment in the Plaintiff's favor and against the Defendant for its violations of the ADA;

b. Award the Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c. Award the Plaintiff compensatory damages under the ADA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

d. Award the Plaintiff prejudgment interest on his/her damages award;

e. Award the Plaintiff reasonable costs and attorneys' fees; and

f. Grant the Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT II: DISABILITY DISCRIMINATION (RETALIATION) – ADA

37. The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-20 above as if set out in full herein.

38. At all times pertinent hereto, the Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

39. The Defendant employs more than 15 employees and was the Plaintiff's employer within the meaning of the ADA, 42 USC § 12111(5).

40. At all times material hereto, the Defendant was a "person" and an "employer" as defined by 29 U.S.C. § 630.

41. The Plaintiff has complied with all conditions precedent in filing this action, to wit:

   a. The Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, Miami District Office;

   b. More than 180 days have passed since the filing of the Plaintiff's charge of discrimination;

   c. The Plaintiff received a Right to Sue Notice as to her charge of discrimination on or about November 27, 2023.

42. Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

43. The Plaintiff was an "employee" of the Defendant as defined by the ADA.

44. The Plaintiff informed the Defendants of the discrimination and lack of accommodation she suffered on or about July 9, 2022.

45. The Defendants subsequently terminated the Plaintiff under the guise of an warning after Plaintiff had requested the accommodation.

46. The Defendants' stated actions were motivated by intent to retaliate against the Plaintiff for her protected activity under the ADA.

47. The Defendant violated the ADA or acted with reckless disregard for whether its actions were prohibited.

48. As a direct and proximate result of the intentional violations by the Defendant, the Plaintiff has suffered and will continue to suffer, emotional pain and mental anguish.

49. Furthermore, as a direct and proximate result of such actions by the Defendant, the Plaintiff has been and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of the Defendant's conduct.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Enter judgment in the Plaintiff's favor and against the Defendant for its violations of the ADA;

b. Award the Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c. Award the Plaintiff compensatory damages under the ADA for embarrassment, anxiety, humiliation and emotional distress the Plaintiff has suffered and continues to suffer;

d. Award the Plaintiff liquidated damages based on the Defendant's willful and/or reckless conduct;

e. Award the Plaintiff prejudgment interest on her damages award;

f.  Award the Plaintiff reasonable costs and attorneys' fees; and

g.  Grant the Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT III: DISCRIMINATION (DISPARATE TREATMENT) – FCRA

50. The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-20 above as if set out in full herein.

51. At all times pertinent hereto, the Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

52. At all times material hereto, Plaintiff was an "aggrieved person" as defined by the FCRA, Fla. Stat. § 760.02(10).

53. At all times material, the Defendant was a "person" and an "employer" as defined by 29 U.S.C. § 630; and Fla. Stat. § 760.02.

54. The Plaintiff has complied with all conditions precedent in filing this action, to wit:

   a. The Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, Miami District Office;

   b. More than 180 days have passed since the filing of the Plaintiff's charge of discrimination;

   c. The Plaintiff received a Right to Sue Notice as to his/her charge of discrimination on or about November 27, 2023.

55. Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

56. At all times material hereto, the Defendants failed to comply with the Florida Civil Rights Act of 1992, Fla. Stat. § 760.10 *et seq*., which states, in part, that it is an unlawful employment practice for an employer "[t]o discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

57. The Plaintiff is a member of protected classes suffering from a disability that need an accommodation.

58. During the course of the Plaintiff's employment with the Defendants, the Plaintiff was subjected to a discriminatory, hostile and offensive work environment because of her knee disability when she asked for an accommodation as described in this Complaint.

59. The discriminatory conduct referred to in paragraphs 13 – 18 of this Complaint is and was offensive to the Plaintiff and would be offensive to a reasonable person.

60. The Plaintiff was subjected to the conduct referred to in this Complaint because she has a disability.

61. Similarly situated employees who are not disabled or requested a disability accommodation were not subjected to the conduct described and referred to in paragraphs 13-18 of this Complaint.

62. The Plaintiff is and was qualified for her position while working for the Defendants.

63. The Defendants violated the Florida Civil Rights Act by discriminating against the Plaintiff because of her disability and because she requested an accommodation in the terms, conditions, and privileges of her employment.

64. As a direct and proximate result of the Defendants' intentional conduct, the Plaintiff has suffered, is now suffering and will continue to suffer emotional distress, humiliation, embarrassment and economic losses.

65. Any alleged nondiscriminatory reason for this treatment of the Plaintiff by the Defendants is a mere pretext for the actual reason for discriminating against her based on her disability and request for accommodation

66. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Fla. Stat. § 760.10.

67. The aforementioned actions of the Defendants were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

b. Award the Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

c. Grant a permanent injunction enjoining the Defendants, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of disability.

d. Order the Defendants to make the Plaintiff whole, by compensating her for lost wages, benefits, including front pay, back pay with prejudgment interest;

e. Award a monetary judgment representing prejudgment interest;

f.  Award any other compensation allowed by law including punitive damages and attorneys' fees (448.104);

g.  Award the Plaintiff costs of this action, including reasonable attorneys' fees;

h.  Grant such other and further relief as the Court deems just and proper.

### COUNT IV:  DISCRIMINATION (RETALIATION) – FCRA

68. The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-20 above as if set out in full herein.

69. At all times pertinent hereto, the Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

70. At all times material hereto, the Plaintiff was an "aggrieved person" as defined by the FCRA, Fla. Stat. § 760.02(10).

71. At all times material, the Defendant was a "person" and an "employer" as defined by 29 U.S.C. §630; and Fla. Stat. § 760.02.

72. The Plaintiff has complied with all conditions precedent in filing this action, to wit:

a.  The Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, Miami District Office;

b.  More than 180 days have passed since the filing of the Plaintiff's charge of discrimination;

      c.    The Plaintiff received a Right to Sue Notice as to his/her charge of discrimination on or about November 27, 2023.

73.    Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

74.    At all times material hereto, the Defendant failed to comply with the Florida Civil Rights Act of 1992, Fla. Stat. § 760.10 *et seq.*, which states, in part, that it is an unlawful employment practice for an employer "to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

75.    The Plaintiff is a member of protected classes suffering from a disability that need an accommodation.

76.    During the course of the Plaintiff's employment with the Defendants, the Plaintiff was subjected to a discriminatory, hostile and offensive work environment because of her knee disability when she asked for an accommodation as described in this Complaint.

77.    The discriminatory conduct referred to in paragraphs 13 – 18 of this Complaint is and was offensive to the Plaintiff and would be offensive to a reasonable person.

78.    The Plaintiff was subjected to the conduct referred to in this Complaint because she has a disability.

79.    Similarly situated employees who are not disabled or requested a disability accommodation were not subjected to the conduct described and referred to in paragraphs 13-18 of this Complaint.

**THE SAENZ LAW FIRM, PA**
20900 NE 30th Avenue, Suite 800    Telephone: 305.482.1475
Aventura, Florida 33180    www.legalopinionusa.com

80. The Plaintiff is and was qualified for her position while working for the Defendants.

81. The Defendants violated the Florida Civil Rights Act by discriminating against the Plaintiff because of her disability and because she requested an accommodation in the terms, conditions, and privileges of her employment.

82. As a direct and proximate result of the Defendants' intentional conduct, the Plaintiff has suffered, is now suffering and will continue to suffer emotional distress, humiliation, embarrassment and economic losses.

83. Any alleged nondiscriminatory reason for this treatment of the Plaintiff by the Defendants is a mere pretext for the actual reason for discriminating against her based on her disability and request for accommodation

84. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Fla. Stat. § 760.10.

85. The aforementioned actions of the Defendants were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

i. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

j. Award the Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

k. Grant a permanent injunction enjoining the Defendants, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of disability.

l.  Order the Defendants to make the Plaintiff whole, by compensating her for lost wages, benefits, including front pay, back pay with prejudgment interest;

m.  Award a monetary judgment representing prejudgment interest;

n.  Award any other compensation allowed by law including punitive damages and attorneys' fees (448.104);

o.  Award the Plaintiff costs of this action, including reasonable attorneys' fees;

p.  Grant such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

The Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

Dated: December 13, 2023.

Respectfully submitted,

By**: /s/ Julisse Jimenez**
R. Julisse Jimenez, Esquire
Fla. Bar No.: 65387
Email: julisse@legalopinionusa.com
The Saenz Law Firm, PA
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 482-1475
*Trial Counsel for Plaintiff*